UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LAMAR PITTS,

    Plaintiff,

v.

BRIDGECREST CREDIT
COMPANY, LLC,

    Defendants.
_____/

Case No. 24-cv-11625
Honorable Linda V. Parker

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO REMOVE AND VACATE MAGISTRATE JUDGE ORDER" AND MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

On June 21, 2024, Plaintiff commenced this lawsuit against Defendant. Defendant thereafter filed a motion to dismiss (ECF No. 11), and Plaintiff filed a motion for summary judgment (ECF No. 13). The matter was assigned to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 17, 2025, Magistrate Judge Patti issued a report and recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss and deny Plaintiff's summary judgment motion. (ECF No. 21.) The

R&R also included Magistrate Judge Patti's decision on non-dispositive motions filed by Plaintiff. As Magistrate Judge Patti informed the parties in the R&R, they had fourteen days to file any objections to it, and the failure to file objections constituted a waiver of any further right to appeal. (*Id.* at PageID.185.) Neither party filed objections, although Plaintiff filed an untimely response to Defendant's motion to dismiss. (ECF No. 22.) On May 14, the Court adopted the R&R, granted Defendants' motion to dismiss, and entered a Judgment. (ECF Nos. 23, 24.)

The matter is now before the Court on Plaintiff's "Motion to Remove and Vacate Magistrate Judge Order," filed on May 20, 2025. (ECF No. 25.) Attached to the motion is a separate motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (*Id.*) Neither "motion" entitles Plaintiff to relief.

Plaintiff fails to demonstrate a defect in Magistrate Judge Patti's R&R. In any event, any objection now is untimely and was previously waived. *See Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Plaintiff also does not demonstrate a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice to warrant relief under Rule 59(e). *See GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

2

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motions (ECF No. 25) are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 16, 2025

3